# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE EUGENE WARNER<br>LA. DOC #547592 | CIVIL ACTION NO. 6:11-cv-0622 |
| VS. | SECTION P |
| | JUDGE MELANÇON |
| OWNER, LOUISIANA CORRECTIONAL<br>SERVICES, INC. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a request for a preliminary injunction contained in plaintiff's Amended Complaint. [rec. doc. 6, ¶ V].  To the extent that plaintiff's Amended Complaint may be construed as a separate Motion for Preliminary Injunctive Relief, it is recommended that the Motion be **DENIED.**

Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), currently incarcerated at the South Louisiana Detention Center in Basile, Louisiana.  In his Complaint and Amended Complaints, Warner names the "owner" of the Louisiana Correctional Service, Inc. as the defendant and prays for nominal and punitive damages of $1,000,000.00, as well as preliminary injunctive relief.

In his Complaint and Amended Complaints, plaintiff alleges instances wherein he contends that the defendant violated his Constitutional rights.  Amongst those allegations, plaintiff alleges that his rights were violated as a result of an inadequate law library and failure of the defendant to provide adequate legal assistance, differing treatment between LDOC inmates and INS detainees with respect to the amount of yard time and pay for work

2

performed at the facility and the alleged failure of facility personnel to determine inmates' eligibility for good time credit for good behavior.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## LAW AND ANALYSIS

A movant for a preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 at fn. 15 (5th Cir.2001) *citing Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998).  "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir.1976).  Indeed, this finding is the "most essential"  prior to issuance of a preliminary injunction.  *Id.*   The movant must prove all four elements and failure to prove any one of them will result in denial of the motion. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir.1985).

Plaintiff fails to satisfy the second and most essential element, a substantial threat that failure to grant a preliminary injunction will result in irreparable injury.

3

Plaintiff fails to allege any facts to show that he will suffer immediate, irreparable injury if a preliminary injunction is not granted. Moreover, there is no competent evidence in the record before this court evincing that a failure to immediately act with respect to plaintiff's allegations will result in any injury, much less irreparable injury.

Clearly, the issues which are the subject of this request are the same issues raised in plaintiff's Complaint and Amended Complaint which will be addressed in the instant civil action as the case proceeds.  Thus, to the extent that  plaintiff intended the pleading to serve as a separately filed motion, the motion  is duplicative and repetitive.  Plaintiff cannot evade the orderly disposition of his claims by requesting preliminary injunctive relief in conjunction with the filing of his Amended Complaint in the absence of a proper showing of the need for immediate action.

Moreover, for the same reasons this court dismissed these same claims in a Complaint filed by a fellow inmate Charles Taylor (6:11-cv-0505), a cursory review of plaintiff's allegations reveals that his claims are likewise frivolous and do not state claims for relief which may be granted in this civil rights action.

More specifically, it does not appear that plaintiff has satisfied the "actual injury" requirement necessary to state an access to courts claim. *See Lewis v. Casey*, 518 U.S. 343, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) *citing Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

4

The Fourteenth Amendment requires that all persons similarly situated shall be treated alike. Thus, "[t]o succeed on his equal protection claim, [plaintiff] must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992) *citing McCleskey v. Kemp*, 481 U.S. 279 (1987).  DOC inmates are not similarly situated to INS detainees for purposes of an equal protection claim. *See* 28 U.S.C. § 1915(h).

Finally, inmates do not have a protected liberty interest in their classification status or in the opportunity to earn good-time credits. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1690 (1996) (loss of opportunity to earn good-time credits is merely a collateral consequence of the prisoner's custodial status which does not create a constitutionally protected liberty interest). While prisoners who are entitled to release on mandatory supervision have a protected liberty interest in previously earned good-time credit,  they are not constitutionally entitled to earn such credit. *See  Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (The relation of good time-earning status to a prisoner's release date is too speculative to create a liberty interest).

For the above reasons, **IT IS RECOMMENDED** that plaintiff's request for the issuance of a Preliminary Injunction [rec. doc. 6] should be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of

5

Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 14th day of June, 2011.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE