UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**RONNIE EUGENE WARNER**  **CIVIL ACTION NO. 6:11-cv-0622**
    **LA. DOC #547592**
**VS.**  **SECTION P**

    **JUDGE MELANÇON**
**OWNER, LOUISIANA CORRECTIONAL**
**SERVICES, INC.**  **MAGISTRATE JUDGE HILL**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Ronnie Eugene Warner, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on April 18, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), currently incarcerated at the South Louisiana Detention Center in Basile, Louisiana. Warner names the "owner" of the Louisiana Correctional Service, Inc. As the defendant and prays for nominal and punitive damages of $1,000,000.00.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

---

[1] Petitioner's request for preliminary injunctive relief has been denied. [*See* rec. docs. 7 and 9].

**STATEMENT OF CLAIM**

In his Complaint and Amended Complaints, plaintiff alleges instances wherein he contends that the defendant violated his Constitutional rights. Amongst those allegations, plaintiff alleges that his rights were violated as a result of an inadequate law library and failure of the defendant to provide adequate legal assistance[2], differing treatment between LDOC inmates and INS detainees with respect to the amount of yard time and pay for work performed at the facility[3] and the alleged failure of facility personnel to determine an inmate's eligibility to earn additional good time credit pursuant to La. R.S. 15:828(B), which encourages institutions to adopt "certified treatment and rehabilitation programs, including but not limited to basic education, job skills training, values development and faith-based initiatives, therapeutic programs, and treatment programs . . ." participation in which may allow inmates to earn additional good time credit.

---

[2]With respect to his access to the courts claim, plaintiff alleges that his constitutional rights have been violated because prison authorities have failed "to assist inmates in the preparation and filing of meaningful legal papers" by not providing an adequate library or assistance from persons trained in the law.

[3]With regard to his discrimination claim, plaintiff alleges that the defendant "deliberately failed to treat plaintiffs equal when the prisoner official [allowed] the INS detainee inmates to have more privileges," specifically, up to 3 ½ hours of "yard", whereas plaintiff and other LDOC inmates are "lucky to get [an] hour." He also complains that INS detainees can earn up to $700 per week, but plaintiff receives no incentive pay for his labor. Plaintiff further contends that his claims arise under the Fourteenth Amendment and are entitled to "strict scrutiny."

## **LAW AND ANALYSIS**

**I. Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint and Amended Complaint, plaintiff has set forth specific facts which he claims entitles him to relief and he has pleaded his best case. The facts alleged by plaintiff have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

**II. Access to Courts**

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id. citing Lewis*, 518 U.S. at 351. Stated differently, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Before an inmate can prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury", that is, that the denial of access "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). The "actual injury" requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, institutions need only provide "[t]he tools . . . that the

inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

Plaintiff has not shown how his ability to prepare and transmit legal documents has been meaningfully inhibited, nor has he shown how his position as a litigant was in any way prejudiced. To the contrary, plaintiff was able, and did in fact, prepare and timely file the instant civil rights complaint, an amended complaint, as well as motions for related relief. That is all that is required by the Constitution. Accordingly, Warner's access to courts claim should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

### III. Discrimination

The Fourteenth Amendment equal protection clause essentially directs that all persons similarly situated be treated alike. *Patin v. Richard*, 2011 WL 9118, *6 (W.D. La. 2011) *citing City of Cleburne, Texas v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1989); *See also Crull v. City of New Braunsfels*, 267 Fed. Appx. 338, 341 (5th Cir. 2008) *citing Stoneburner v. Secretary of the Army*, 152 F.3d 485, 491 (5th Cir. 1998). Thus, to state an equal protection claim a plaintiff must allege, *inter alia*, that similarly situated individuals were treated differently.


*Id. citing Stoneburner*, 152 F.3d at 491 *citing Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992) and *Wheeler v. Miller*, 168 F.3d 241, 251 (5th Cir.1999). However, LDOC inmates, like Warner, are not similarly situated to INS detainees for purposes of an equal protection claim. *See* 28 U.S.C. § 1915(h); *Taylor v. Owner, Louisiana Correctional Service, Inc.*, 2011 WL 2182105, *4 (W.D. La. 2011) *citing Ojo v. INS,* 106 F.3d 680, 682–83 (5th Cir. 1997). Furthermore, Warner alleges that he has been treated exactly as other similarly situated persons – convicted LDOC inmates. Accordingly, because plaintiff has failed to allege or demonstrate that he has been treated differently than similarly situated persons, plaintiff has failed to state an equal protection claim. Plaintiff's claim should therefore be dismissed.[4]

**IV. Good Time**

Plaintiff apparently complains that he is unable to earn additional good time credit because SLCC does not offer the programs set forth in La. R.S. 15:828(B), to allow him the opportunity to earn additional good time credits. This exact claim has previously been rejected by this court as failing to state a claim upon which relief may be granted. *Clark v.*

---

[4] The court additionally notes that convicted prisoners are not a suspect class for purposes of constitutional equal protection. *See Carson v. Johnson*, 112 F.3d 818, 821-822 (5th Cir. Tex. 1997). Therefore, even if this court were to reach Warner's claims, he would not be entitled to "strict scrutiny" as he has alleged. *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). Under the more lenient "rational basis" standard, this court has held that the disparate forms of treatment alleged herein are reasonably related to advancing legitimate penological interests. *See Taylor*, 2011 WL 2182105 at *4.

To the extent that plaintiff suggests that he is entitled to be paid for the work he performs, he likewise fails to state a claim for which relief may be granted. *See Taylor*, 2011 WL 2182105, at *5 (and cases cited therein).

*Owner, Louisiana Correctional Service, Inc.*, 2011 WL 2270864, *6 (W.D. La. 2011). This is so because inmates do not have a protected liberty interest in their classification status or in the opportunity to earn good-time credits. *Clark*, 2011 WL 2270864 at *6 *citing Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995), *cert. denied*, 116 S.Ct. 1690 (1996) (loss of opportunity to earn good-time credits is merely a collateral consequence of the prisoner's custodial status which does not create a constitutionally protected liberty interest). Further, while prisoners who are entitled to release on mandatory supervision have a protected liberty interest in previously earned good-time credits, they are not constitutionally entitled to earn such credits. *Clark,* 2011 WL 2270864 at *6 *citing Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (The relation of good time-earning status to a prisoner's release date is too speculative to create a liberty interest). Thus, plaintiff's good time argument fails to state a claim for which relief may be granted and is frivolous because plaintiff is not constitutionally entitled to earn additional good time credits in the first instance.

For the above reasons;

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) (i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this

report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 26th day of August, 2011.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE